538          COURT OF APPEALS OF WEST VIRGINIA.

| January Term. | McLaughlin's Adm'r vs. Beard and McNeel. | 1872 |

# Charleston.

\*Hugh McLaughlin's Adm'r vs. John J. Beard and William L. McNeel.

January Term. 1872.

A case reasserting the doctrine decided in Beard vs. Livesay 4 W. Va. 637, that a note executed after the war, in lieu of, or in renewal of one executed in Greenbrier county in 1861, the consideration of which latter was Confederate Treasury notes, is valid and binding on the promissor.

Action of debt in the circuit court of Pocahontas county, declaration filed October rules, 1868. Verdict and judgment for the defendant October term, 1870.

The defendants filed a special plea, in addition to the general issue, alleging that in November, 1861, they executed a promissory note the consideration of which was Confederate Treasury notes; and that the same was payable in and to be discharged by the payment of such notes; and that in August, 1868, they executed the supposed promissory note in the declaration mentioned, in lieu of and as a renewal of the first mentioned note, with its interest added, and that the only consideration of the note in the declaration mentioned, was the loan of the Confederate Treasury notes, as mentioned in the first note, and therefore the note sued upon was void in the law. The plaintiff moved to reject this plea, but the court overruled the motion and he excepted.

The court at the instance of·the defendants instructed the jury, as follows:

"If the jury believe that any portion of the money loaned by Hugh McLaughlin to the defendant J. J. Beard was Confederate money, they cannot separate the Confederate money

*The following cases, to the end of the volume, were omitted in their proper places inadvertently. The date of each decision, however, will avoid confusion

from any other money loaned, and the promise being one and indivisible, the whole bond is. void."

The plaintiff brought the case here for review.

*Price* and *Sperry* for the plaintiff in error.
*Dennis* for the defendants in error.

MAXWELL J.    This case is very much like the case of *Beard* vs *Livesay* 4 W. Va. 637, and for the reasons given in that case the defendant's first special plea should have been rejected and the instructions given to the jury at the instance of the the defendants should have been refused.    *Orchard* vs. *Hughes* 3 Wallace's Reports 73.

The judgment complained of will have to be reversed with costs to the appellants and the cause remanded.

The other judges concurred.

JUDGMENT REVERSED.